GrHOLSON, J.
It has been observed, that “ two great legal principles are sometimes in apparent antagonism, the doctrine lying at the root of what is called the social compact, that the absolute owner of property may deal with it as he'likes, and the rule which so restricts the use and enjoyment of property as to prevent injury — i. e., legal injury to a neighbor and that, great care is “ often necessary in determining whether, or not a particular mode of enjoying property is innocent and lawful.” Broom on Common Law, 81. It is said in the case of Cooper v. Hall, 5 Ohio Rep. 321, that when the act complained of, is itself lawful, “it is only when some actual injury is done, that a right of action ensues. Every man has a right to use his own as to himself seems proper; but he must be careful so to use it, that no injury is done to another.” * * * “ The term nuisance signifies anything that causes hurt, inconvenience, annoyance or damage. If a thing complained of, causes neither of these, it is difficult to ■ discover upon what principles it can be called a nuisance, But if it causes either, in the least degree, the person creating it must be answerable for consequences. No matter how small the damage, the’ person sustaining it will have s *398 right of action. But there must be some damage in fact, not merely in imagination.” * * * * “ Every riparian proprie-. tor of land, has a right to the use of the water flowing in the river, so long as it flows adjacent to his land. But he must so use it as not to injure an adjoining proprietor,-either above or below him. For any such injury he will be answerable. But to subject him to an action, the injury must be material, substantial. * * * It may be difficult, in some cases, to ascertain whether the injury be material; but it is a question proper for the consideration of a jury.”
In the case of Palmer v. Mulligan, 3 Caine Rep. 307, 314, cited as an authority for the decision in Cooper v. Hall, it was said by Livingston, J., that as well “ to secure to individuals the free and undisturbed enjoyment of their property, as to the public the benefits which must frequently redound to it from such uses, the operation of the maxim sic utere tuo ut alienum non Icedas, should be limited to such cases only where a manifest and serious damage is the result of such use or enjoyment, and where it is very clear indeed that the party had no right to use it in that way. Hence it becomes impossible, and, indeed, improper, to attempt to define every case which may occur, of this kind. Each must depend upon its own circumstances; and the fewer precedents of this kind which are set, the better.” It is said, in a recent work: “ In reference to the general question, what constitutes a nuisance, technically so called, a precise definition is, of course, impracticable, and the law is best explained by the particular instances of annoyance or injury which have been adjudged to be, or not to be nuisances.” 1 Hilliard on Torts, 631. This writer, and the one before quoted, Broom on Common Law, both cite as a true test and proper criterion, that given in Walter v. Selfe, 4 De G. & S. 315, and adopted in Soltan v. De Held, 2 Sim. N. S. 133, 159, and which, as stated by the latter, is: “Ought the inconvenience in question, to be considered, in fact, as more than fanciful, or as one of mere delicacy or fastidiousness ; as an inconvenience materially interfering with the ordinary comfort, physically, of human existence, not merely according to elegant or dainty modes and habits *399 of living, but according to plain, sober, and simple notions among the English people?”
It is evident that, what amount of annoyance or inconvenience will constitute a legal injury, resulting in actual damage, being a question of degree, dependent on varying circumstances, can not be precisely defined, and must be left to the good sense and sound discretion of the tribunal called upon to act. Any rule on the subject can only serve as a guard against an unreasonable exercise of that discretion. Thus, in the one above cited, we are cautioned to regard the proper mean — the ordinary standard of comfort and convenience, and not particular or exceptional cases above , nor, it may be added, below. Regard should be had to the notions of comfort and convenience entertained by persons generally, of ordinary tastes and susceptibilities. What such persons would no.t regard as an inconvenience materially interfering with their physical comfort, may be properly attributed, when alleged to be a nuisance, to the fancy, or fastidious taste, of the party. On the other hand, the charge of a nuisance, if it be of a thing offensive to persons generally, can not be escaped by showing that to some persons it is not at all unpleasant or disagreeable.
It is possible that, in the present case, the judge, in his charge, did not intend to do more than caution the jury against the adoption of an extreme standard by which to ascertain the degree of annoyance and inconvenience which would establish the charge of a nuisance and show an actual damage, and with that view, told the jury, that the degree of comfort to which the plaintiff below, in the enjoyment of his property was entitled, was that ordinarily enjoyed by other persons in his neighborhood, otherwise similarly situated. But a majority of the court think, that the proposition that the plaintiff below had equal rights with his neighbors to the enjoyment of air and water, which as an abstract one could not have been disputed, so often and in different connections brought before the jury by the judge, may have led the jury into a mere comparison of the situation of the plaintiff below with that of his neighbors — into an inquiry simply whether *400 any difference was perceptible, and from -the real question, Avhether the consequences resulting from the acts of the defendant — the difference of enjoyment, if any wore found to exist — constituted an actual damage. It must necessarily happen when the cause which produces a disagreeable odor or offensive smell, is local, that the property of some persons will be more exposed to it, than that of others. But this alone will not give a right of action; it must still be shown that this exposure, though peculiar, results in that degree of annoyance and inconvenience which constitutes a legal injury, and gives a claim for damages.
The judge properly told the jury that the plaintiff in the action must have suffered a real, material and substantial injury, to entitle him to recover, and that it was for them to determine what amounted to such an injury. But to aid the jury in arriving at their conclusion, a definition or criterion, as to what would constitute a nuisance, was, at the same time, given, which, as understood by a majority of the court, was erroneous, and calculated to mislead the jury.
It is claimed that the court erred in saying to the jury that the plaintiff in the action, was entitled to enjoy his property as it was before the gas works were erected, and that it was not carelessness or negligence on his part to fail to cement his well when he found its waters being affected; nor was it so for him to fail to alter the natural channel or bed of the run passing his premises. There is nothing in the pleadings and no evidence is set out showing that these remarks could have been or were prejudicial to the plaintiff in error. We think it altogether probable that the duty of protecting his property in the manner claimed, could not be thrown on the plaintiff in the action. The only doubt that could arise would be, whether it was not a question, though a plain one, rather of fact than of law; and had the remarks of the judge been given as advice or suggestion to the jury, to receive such weight as they might think them entitled to, there would have been no objection; and the judge did tell the jury that they were “ the judges of the question as to what is negligence on the part of the plaintiff, as to protecting himself against the in *401 jury complained of.” It was in connection with the acts which it was claimed the plaintiff in the action should have done, to protect himself from wrongful acts of the defendant, that the remark was made that “ the plaintiff was entitled to enjoy his property as it was before the gas works were erected.” We do not understand the judge as intending, that the plaintiff, by a mere prior use or occupation of his property, could acquire any right to the prejudice of the defendant, or prevent it from any proper use of its property, or escape any care or protection of his own property, which would otherwise, under the circumstances, have been proper.
Judgment reversed.
•Sutliff and Peck, J.J., concurred.
Scott, C.J., dissented as to the construction given to the charge of the court below.
Brinkerhoff, J.
I think the judge below talked more than was necessary, and probably more than was expedient; that it would have been better for him simply to have left it to the jury to say whether the defendant was so using its property as materially, really and substantially to affect either the health or comfort of the plaintiff in the enjoyment of his property — he being regarded as a person of ordinary delicacy of taste and sensitiveness. But, although this may have been the better way, still I do not see any substantial error in the charge as given; and I think that, taking the whole charge together, and giving it a fair construction, he hit the nail upon the head about as fairly and squarely as was possible.